IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SHAWN WRIGHT,                                )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     ) Civ. Action No. 07-209-GMS
                                             )
JAMES E. LIGUORI and LIGUORI,                )
MORRIS & YIENGST,                            )
                                             )
            Defendants.                      )

## MEMORANDUM

The plaintiff, Shawn Wright ("Wright"), an inmate at FCI-Fairton, Fairton, New Jersey

filed this lawsuit proceeding under *Bivens v. Six Unknown Named Agents of Fed. Bureau of*

*Narcotics*, 403 U.S. 388 (1999). He appears *pro se* and was granted permission to proceed *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and

screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I.    STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal

under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A

provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary

relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable

basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the

standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v.*

*Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007)

(citing *Weiss v Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual

allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson*

*v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406

(2002). Additionally, a complaint must contain "'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

the. . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127

S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint does

not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual

allegations must be enough to raise a right to relief above the speculative level on the assumption

that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.*

(citations omitted). Because plaintiff proceeds *pro se*, his pleading is liberally construed and his

complaint, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations

omitted).

II.     ANALYSIS

Wright alleges that the defendants, James E. Liguori ("Liguori") and the law firm of

Liguori, Morris & Yiengst, retained counsel, provided ineffective assistance of counsel during

the representation of Wright in a civil forfeiture action.[1]  A claim against a federal defendant is

governed by *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388,

389 (1971).  In *Bivens*, the Supreme Court created a federal tort counterpart to the remedy

created by 42 U.S.C. § 1983 as it applies to federal officers.  To state a claim under *Bivens*, a

claimant must show (1) a deprivation of a right secured by the Constitution and laws of the

United States; and (2) that the deprivation of the right was caused by an official acting under

color of federal law.  *See Mahoney v. National Org. for Women,* 681 F.Supp. 129, 132 (D.

Conn.1987) (citing *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978)).

Wright is quite clear in his complaint that he brings suit against the defendants on the

basis that, according to him, they provided him with ineffective assistance of counsel in a civil

forfeiture case.  As noted above, when bringing a *Bivens* claim, a plaintiff must allege that the

person who allegedly caused a constitutional deprivation acted under color of federal law.  *See*

*Mahoney v. Nat'l Org. For Women,* 681 F.Supp. 129, 132 (D. Conn.1987) (citing *Flagg*

*Brothers, Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978)).  Under the circumstances Wright alleged,

his private counsel and the law firm did not serve as federal agents.  *See Banks v. Hayward*, No.

06-3266, 2007 WL 470472 (3d Cir. Feb. 13, 2007).  Because Liguori and his law firm are not

considered to have acted under color of federal law, Wright's claim against them fail under

*Bivens*.

## III.    CONCLUSION

Based upon the foregoing analysis, the complaint is dismissed without prejudice for

---

[1]Default judgment was entered in the case on June 13, 2005. *United States v. Thirty One Thousand Eight Hundred Fifty Two Dollars and Thirty Eight Cents ($31,842.38),* Civ. Action No. 04-854-GMS (D. Del. June 13, 2005).  Wright appealed the matter and the appellate court affirmed entry of the default judgment. *United States v. Thirty One Thousand Eight Hundred Fifty Two Dollars and Thirty Eight Cents ($31,842.38),* No. 05-3321 (3d Cir. June 6, 2006).

failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. §

1915(e)(2)(B) and § 1915A(b)(1).  Amendment of the complaint would be futile.  *See Grayson v.*

*Mayview State Hosp.,* 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d

950, 951-52 (3d. Cir. 1976).   An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

June 19 , 2007
Wilmington, Delaware

FILED

JUN 1 9 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAWN WRIGHT, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
|    v. | ) Civ. Action No. 07-209-GMS |
| | ) |
| JAMES E. LIGUORI and LIGUORI, | ) |
| MORRIS & YIENGST, | ) |
| | ) |
|      Defendants. | ) |

**ORDER**

At Wilmington this 19th day of June _____, 2007, for the reasons set forth in the

Memorandum issued this date, the complaint is DISMISSED without prejudice for failure to

state a claim upon which relief may be granted and as legally frivolous pursuant to 28 U.S.C. §

1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile.

_____
UNITED STATES DISTRICT JUDGE

FILED

JUN 1 9 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE